5 ,UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Xue L.,

Petitioner,

v.

Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County,

Respondents.

Civ. No. 26-4077 (PAM/DJF)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Xue L.'s third petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Docket No. 1).) The factual and procedural background has been set forth previously and will not be repeated. See Xue L. v. Noem, Civ. No. 25-4774 (PAM/LIB) (D. Minn. Jan. 12, 2026) ("Xue L. I"); Xue L. v. Mullin, Civ. No. 26-2979 (PAM/EMB) (D. Minn. July 16, 2026) ("Xue L. II"). Petitioner seeks the same relief originally sought—his immediate release.

The Court denied Petitioner's second petition for a writ of habeas corpus on July 16, 2026. See Xue L. II, Docket No. 8. At that time, the Court found that Respondents met their burden to demonstrate the likelihood of Petitioner's removal in the reasonably foreseeable future because Immigration and Customs Enforcement ("ICE") had previously

secured travel documents for Petitioner to return to Laos and the immigration court had scheduled a merits hearing on Respondents' motion to revoke Petitioner's Convention Against Torture ("CAT") status. See id. at 3. On September 21, 2026, the immigration court denied Respondents' motion. (Pet. ¶¶ 5–6.)

The Court understands that Respondents are within the appeal window of the immigration court's denial of their motion and that, depending on the results of that appeal, Respondents could eventually remove Petitioner to Laos. Alternatively, the Court recognizes that Respondents could obtain travel documents to remove Petitioner to a third country. Petitioner has been detained for ten months. As it stands today, Petitioner cannot be removed to Laos and Respondents have not indicated that they are attempting to obtain travel documents to a third country. Therefore, on these specific facts, the Court concludes that Respondents have not rebutted the presumption that there is not a significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678, 699–700 (2001).

The Court determines that Petitioner is entitled to release, pursuant to conditions as determined by Respondents, and that Petitioner "may no doubt be returned to custody upon a violation of those conditions," id. at 700, or if changed circumstances result in a significant likelihood of his removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **GRANTED**;
2. Respondents are to release Petitioner on or before October 24, 2026, subject to the appropriate release conditions as determined by Respondents and consistent with 8 U.S.C. § 1231; and
3. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 17, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge